**NOT RECOMMENDED FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-00224-KSF

ATHEEN STIGALL PLAINTIFF

VS: **MEMORANDUM OPINION AND ORDER**

UNIVERSITY OF KENTUCKY HOSPITAL DEFENDANT

**** **** **** **** ****

On June 23, 2009, Plaintiff Atheen Stigall, who is apparently a non-prisoner residing in Kentucky, submitted a *pro se* pleading which the Court construed as a Complaint pursuant to 28 U.S.C. § 1331. After she was denied permission to proceed *in forma pauperis*, she paid the District Court filing fee. Now, more than four months after filing the instant cause, there is no indication in the record that the Plaintiff ever served the named Defendant. For the reasons to be discussed below, this cause of action will be dismissed.

**FACTUAL ALLEGATIONS**

Plaintiff begins her construed Complaint with "I would like to file a lawsuit against the UK Hospital for Breach of My Medical record."

The Plaintiff does not mention any dates, but at some point while she was an employee of the University of Kentucky ("U.K.") Hospital, she purportedly became ill and was admitted as a patient for three days. The allegations continue as follows:

> I requested my hospital information from Medical Records from Jessica the Med Records Clerk and also requested that a form be filled out by the doctor and that this information be sent to me only but it was sent to my supervisor instead which breached my records (Hospital and doctor information[)]. A Hippa [sic] (Federal) violation. Gregory Rose (Supervisor) call Jessica and requested my information be sent to Pauline Mill his supervisor with out my permission and it was sent to Pauline who had no right . . . also Sherri McNew was involved in it. The reason I am filing this is a Federal Violation and the Hospital done nothing about it. . . .

Record No. 2. Plaintiff gives the name and address of an attorney who purportedly "has all the information that was received from the Hospital."

Stigall's final allegation is that "[t]his has been filed with the US Justice Dept in a timely matter [sic], Washington D.C. I was fired at UK before getting info." She seeks a jury trial and damages.

**DISCUSSION**

Plaintiff's *pro se* efforts are woefully inadequate to be able to continue in this Court. First, the Federal Rules of Civil Procedure provide that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . ." Fed.R.Civ.P. 4(m).

As 120 days have now passed since the instant Complaint was filed and there has apparently been no service on the U.K. Hospital, the Court would ordinarily give the Plaintiff the notice described in Rule 4(m). Then, upon any response, the Court would inquire into whether the Plaintiff had "good cause" for her failure to serve a summons and Complaint. *See Bush v. City of Zeeland*, 74 Fed.Appx. 581, 2003 WL 22097837 (6th Cir. 2003) (unpublished), *cert. denied*, 541 U.S. 1072 (2004); *Reynosa v. Schultz*, 282 Fed.Appx. 386, 2008 WL 2491620 (6th Cir.) (not reported), *on*

*remand*, 2008 WL 4951594 (W.D. Mich.2008). However, the Court finds that issuing such a notice, indeed, even the Plaintiff's serving the Defendant, would be futile because Stigall's Complaint suffers two fatal flaws.

Plaintiff has erred by naming the University of Kentucky Hospital as the sole Defendant in an action for damages. The State of Kentucky is protected from suit in this Court by the Eleventh Amendment. The Supreme Court has held that the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against the states. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S. Const. Amend. XI.

The Sixth Circuit has specifically held that the University of Kentucky is an "arm of the state,"which is tantamount to naming the State of Kentucky as a defendant. *Hutsell v. Sayre*, 5 F.3d 996, 1002-03 (6th Cir. 1993), *cert. denied*, 510 U.S. 1119 (1994). The appellate court explained:

> It is well-settled that "'a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Cowan [v. University of Louisville School of Medicine]*, 900 F.2d at 940 (6th Cir. 1990) (quoting *Quern [v. Jordan]*, 440 U.S. at 337 . . . .

*Id.* at 999. As this action might result in a judgment against the U.K. Hospital and the judgment would be satisfied out of the State of Kentucky's treasury, the instant cause of action is barred by the Eleventh Amendment. This Court is obliged to dismiss the lawsuit against the hospital under this law. *Wright v. Federal Medical Center, et al.*, 2006 WL 2850461, at *3-4 (E.D. Ky. 2006) (unpublished) (the Hon. Joseph M. Hood, presiding and dismissing the University of Kentucky

Hospital as a Defendant on Eleventh Amendment immunity grounds).

Further, even were a suable individual named as an appropriate Defendant in this case, the Plaintiff's claim of a violation of his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")[1] could not proceed. There simply is no cognizable cause of action for a violation of HIPAA. Earlier this year, another District Court in this circuit so held and explained as follows:

> In general, HIPPA governs confidentiality of medical records and regulates how "covered entities" can use or disclose "individually identifiable health (medical) information (in whatever form) concerning an individual." 45 C.F.R. § § 160 and 164. However, HIPPA regulations do not confer a private right of action on an individual. Plaintiff's only remedy for an alleged HIPPA violation is to lodge a written complaint with the Secretary of Health and Human Services, through the Office for Civil Rights, who has the discretion to investigate the complaint and impose sanctions, both civil and criminal. See 45 C.F.R. § 160.306. For these reasons, the Court lacks subject matter jurisdiction over plaintiff's claim that his HIPPA privacy rights were infringed.
>
> Also, if, at the same time, plaintiff is asserting that his constitutional rights were invaded by the disclosure of confidential medical information, the Sixth Circuit has held that an individual does not possess a constitutionally-protected right to keep his medical records confidential. *J.P. v. DeSanti*, 653 F.32d 1080, 1087-91 (6th Cir.1981); *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir.1994).

*White v. Brand*, 2009 WL 2105993 at *2-*3 (E.D. Tenn. 2009). *See also Alfred v. Corrections Corporation of America*, 2009 WL 1928650 (W.D. La. 2009) (slip op.); *Prichett v. Office of the Attorney General*, 2006 WL 2828656 (E.D. Mich. 2006) (citing cases from other jurisdictions).

In short, the Plaintiff has failed to state a claim upon which this Court may grant relief. *Apple*

---

[1] One court has noticed, "Plaintiff mentions 'Hippa,' presumably the Healthcare Portability and Accountability Act of 1996 ('HIPPA'). . . ." *Perkins v. Neighborhood Imp. Development Corp.*, 2008 WL 647018 (E.D. Wis. 2008) (not reported). This Court presumes the same, as the instant Plaintiff has also used "Hippa." Neither that court nor this Court finds any significance in the two different spellings. In fact, the Court notes that the public and the courts use the acronym "HIPPA" and "HIPAA" interchangeably and often use the two spellings together in a single paragraph.

*v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) authorizes a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Such is the case here.

**CONCLUSION**

For these reasons and the Court being advised, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant.

This the 6th day of November, 2009.




**Signed By:**
***Karl S. Forester*** KSF
**United States Senior Judge**